■ SWISSCRAFT NOVELTY Co., Respondent, v SALANT & SALANT, Division of SALANT CORP., Appellant.— Order, Supreme Court, New York County (Price, J.), entered May 12, 1982, insofar as it awarded costs of $1,726.48, unanimously reversed, on the law, and the request for such monetary sanction denied, with costs. The parties entered into a stipulation, dated December 14, 1981, which permitted plaintiff to examine a nonparty witness, King Features Syndicate Division (King) of the Hearst Corporation. That stipulation was "so ordered" by Special Term in an order entered December 17, 1981. That order did not require defendant to make available design samples or any other relevant items for the examination of King. That material was orally requested by plaintiff prior to the scheduled examination of King. Subsequently, a dispute arose between the parties as to priority of examination. Plaintiff wished to examine King before the defendant continued with its examination of plaintiff. As a result of this dispute, defendant chose not to make available

the design samples and other items relevant to the King examination. It should be noted that, earlier in the proceeding, defendant had made that same material available to plaintiff on several occasions. By order to show cause, plaintiff then sought to compel discovery and inspection of that material. The order to show cause also contained a request for the costs of the motion including attorney's fees. Special Term, in a "short form" order, granted the motion "to the extent sought by movant". However, that "short form" order was silent as to whether attorney's fees and other costs were being imposed upon defendant. In enforcing the "short form" order, plaintiff's attorney sought costs, including attorney's fees of $807.68. Thereafter, by letter, the defense attorney sought clarification from the court of the "short form" order. On May 12, 1982, Special Term entered a "long form" order, imposing costs, including attorney's fees of $1,726.48. The court had increased the original figure of $807.68 by the sum of $918.80 to represent the work of plaintiff's counsel upon defendant's informal motion for clarification. No question is presented upon this appeal as to the portion of the "long form" order, entered May 12, 1982, that directed discovery and inspection with reference to plaintiff's examination of King. The sole question presented is whether the court properly imposed costs, including attorney's fees under CPLR 3126. Since the order of December 17, 1981 did not require defendant to produce any items for discovery and inspection, the defendant was not in default of any order when plaintiff sought discovery by order to show cause. Moreover, plaintiff had never served a notice for discovery and inspection upon defendant with reference to the King examination. When the dispute is viewed in that posture, defendant was under no legal obligation to provide the material informally requested by plaintiff. For that reason, Special Term abused its discretion in imposing monetary sanctions upon defendant under CPLR 3126. We would hope that counsel on both sides act with more co-operation and courtesy during the remainder of this case. Litigation of this sort is totally unnecessary. Concur — Murphy, P. J., Ross, Bloom, Lynch and Kassal, JJ.